**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DR. SATISH VENKATAPERUMAL, an individual,
and PRIYA SATISH, an individual

    Plaintiff,                                      Case No:

vs.

PHARMACY VALUE MANAGEMENT
SOLUTIONS, INC., a Nevada corporation

    Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiffs, Dr. Satish Venkataperumal and Priya Satish, as Tenants by the Entireties (together, the "Holders"), by and through their undersigned counsel, hereby sue Pharmacy Value Management Solutions, Inc. a Nevada corporation (the "Obligor"), also referred to herein as the "Defendant," and allege:

           A.        **PARTIES, JURISDICTION, AND VENUE**

1. The Holders are residents of Hillsborough County, Florida, in the Middle District of Florida.

2. The Obligor is a Nevada corporation doing business in the Middle District of Florida, with its principal place of business in the Consolidated Municipality of Carson City, an independent city in the State of Nevada.

3. Pursuant to Title 28 of the United States Code § 1332(a)(1), and other applicable law, this Court possesses jurisdiction over this cause.

4. Pursuant to Title 28 of the United States Code § 1391(a), venue is proper in the Middle District of Florida.

5. As to each cause of action set forth in this "Verified Complaint" (this "Complaint"), this is (a) an action wherein the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees, or (b) an action seeking equitable relief.

6. With respect to each cause of action set forth in this Complaint, this action is an action to recover damages pursuant to agreements executed, delivered and/or defaulted upon in the Middle District of Florida.

7. With respect to each count set forth in this Complaint, all requirements and conditions precedent to the bringing of this cause have been satisfied, performed, and/or waived by the Holders and/or the Obligor.

8. With respect to each cause of action set forth in this Complaint, the Holders have retained the undersigned law firm as counsel of record herein and has agreed to compensate and reimburse it for services rendered and costs incurred in connection with the enforcement of the Holders' rights and remedies as more fully set forth below. Pursuant to applicable contracts and statutes, the Obligor is obligated to reimburse the Holders for any and all attorneys' fees and costs incurred and/or expended by the Holders in connection herewith.

## B. BACKGROUND ALLEGATIONS

9. The Holders and the Obligor are parties to a lending relationship evidenced by a series of loan, security, guaranty, and perfection documents (collectively, the Loan Documents"), executed and delivered by the Obligor to the Holders. The Loan Documents evidence those certain obligations (collectively, the "Obligations") due and owing by the Obligor to the Holders. The Obligations have matured and been demanded, such that they are currently due and owing in full.

10. The Obligations are principally owed by the Obligor and are evidenced by the Loan Documents.

11. The Loan Documents include the following:

    a. "Convertible Promissory Note and Warrant Purchase Agreement" (the "First Purchase Agreement"), executed by and between the Obligor and the Holders on or as of May 1, 2019, a copy of which is attached hereto as Exhibit "A," and incorporated herein by reference;

    b. "Pharmacy Value Management Solutions, Inc. Convertible Promissory Note" (the "First Note"), executed and delivered by the Obligor to the Holders on or as of May 1, 2019, in the principal amount of Fifty Thousand and 00/100 Dollars ($50,000.00), thereby evidencing that certain obligation of the Obligor to the Holders (the "First Obligation"), a copy of which is attached hereto as Exhibit "B," and incorporated herein by reference;

    c. "Convertible Promissory Note and Warrant Purchase Agreement" (the "Second Purchase Agreement"), executed by and between the Obligor and the Holders, on or as of May 8, 2019, a copy of which is attached hereto as Exhibit "C," and incorporated herein by reference;

    d. "Pharmacy Value Management Solutions, Inc. Convertible Promissory Note" (the "Second Note"), executed and delivered by the Obligor to the Holders on or as of May 8, 2019, in the principal amount of Fifty Thousand Two Hundred Fifty and 00/100 Dollars ($50,250.00), thereby evidencing that certain obligation of the Obligor to the Holders (the "Second Obligation"), a copy of which is attached hereto as Exhibit "D," and incorporated herein by reference;

e. "Convertible Promissory Note and Warrant Purchase Agreement" (the "Third Purchase Agreement"), executed by and between the Obligor and the Holders, on or as of May 31, 2019, a copy of which is attached hereto as Exhibit "E," and incorporated herein by reference;

f. "Pharmacy Value Management Solutions, Inc. Convertible Promissory Note" (the "Third Note"), executed and delivered by the Obligor to the Holders on or as of May 31, 2019, in the principal amount of One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00), thereby evidencing that certain obligation of the Obligor to the Holders (the "Third Obligation"), a copy of which is attached hereto as Exhibit "F," and incorporated herein by reference;

g. "Convertible Promissory Note and Warrant Purchase Agreement" (the "Fourth Purchase Agreement"), executed by and between the Obligor and the Holders, on or as of July 5, 2019, a copy of which is attached hereto as Exhibit "G," and incorporated herein by reference;

h. "Pharmacy Value Management Solutions, Inc. Convertible Promissory Note" (the "Fourth Note"), executed and delivered by the Obligor to the Holders on or as of July 5, 2019, in the principal amount of in the principal amount of Fifty Thousand and 00/100 Dollars ($50,000.00), thereby evidencing that certain obligation of the Obligor to the Holders (the "Fourth Obligation"), a copy of which is attached hereto as Exhibit "H," and incorporated herein by reference;

i. Convertible Promissory Note and Warrant Purchase Agreement" (the "Fifth Purchase Agreement"), executed by and between the Obligor and the Holders,

on or as of May 13, 2020, a copy of which is attached hereto as Exhibit "I," and incorporated herein by reference; and

j. "Pharmacy Value Management Solutions, Inc. Convertible Promissory Note" (the "Fifth Note"), executed and delivered by the Obligor to the Holders on or as of May 13, 2020, in the principal amount of in the principal amount of Fifty Thousand and 00/100 Dollars ($50,000.00), thereby evidencing that certain obligation of the Obligor to the Holders (the "Fifth Obligation"), a copy of which is attached hereto as Exhibit "J," and incorporated herein by reference.

The First Obligation, the Second Obligation, the Third Obligation, the Fourth Obligation, and the Fifth Obligation are collectively referred to herein as the "Obligations."

12. Pursuant to the Loan Documents, the Obligor granted the Holders a security interest and lien in that certain personal property more fully described therein (collectively, the "Collateral") to secure the repayment of the Obligations.

13. The Holders' security interest and lien in the Collateral have been properly perfected.

14. The Obligor has defaulted pursuant to the terms and conditions of the Loan Documents by failing to pay the Obligations at maturity.

15. As of November 12, 2021, the Obligations were in the aggregate amount of $485,292.97 ("Total Amount Due"), inclusive of principal and accrued interest, as itemized below:

**FIRST OBLIGATION:**

| | |
|---|---|
| Principal | $ 50,000.00 |
| Regular Interest | $  6,016.44 |
| Default Interest | $ 15,369.86 |
| **SUB-TOTAL AMOUNT DUE** | $ 71,386.30 |

**SECOND OBLIGATION:**

| | |
|---|---|
| Principal | $ 50,250.00 |
| Regular Interest | $   6,046.52 |
| Default Interest | $ 15,253.97 |
| **SUB-TOTAL AMOUNT DUE** | $ 71,550.49 |

**THIRD OBLIGATION:**

| | |
|---|---|
| Principal | $ 150,000.00 |
| Regular Interest | $   18,049.32 |
| Default Interest | $   43,643.84 |
| **SUB-TOTAL AMOUNT DUE** | $ 211,693.16 |

**FOURTH OBLIGATION:**

| | |
|---|---|
| Principal | $ 50,000.00 |
| Regular Interest | $   6,016.44 |
| Default Interest | $ 13,589.04 |
| **SUB-TOTAL AMOUNT DUE** | $ 69,605.48 |

**FIFTH OBLIGATION:**

| | |
|---|---|
| Principal | $ 50,000.00 |
| Regular Interest | $   6,016.44 |
| Default Interest | $   5,041.10 |
| **SUB-TOTAL AMOUNT DUE** | $ 61,057.54 |

Interest continues to accrue on the principal amounts of the Obligations, at the lower of the default rate set forth in the Loan Documents or the highest rate permitted by law.  As an additional component of the Obligations, and pursuant to the terms of the Loan Documents, the Obligor is liable to compensate and reimburse the Holders for attorney's fees and costs incurred as a result of the defaults by the Obligor under the Loan Documents including, but not limited to, the fees and costs paid or payable by the Holders to their undersigned counsel herein.

16. The Holders own and hold the originals of the Loan Documents, to the extent required by law to bring these causes of action.

### COUNT I: SUIT ON FIRST NOTE

17. This is an action for damages against the Obligor resulting from its default pursuant to the terms of the First Note.

18. The Holders reallege and reincorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

19. The Obligor failed to pay the amounts due pursuant to the terms of the First Note at maturity.

20. The entire amount of the First Obligation remains due and owing by the Obligor to the Holders.

WHEREFORE, the Holders respectfully request a judgment for damages against the Obligor, for the full amount of the First Obligation, plus interest, court costs, reasonable attorneys' fees and costs, recoverable pursuant to the Loan Documents, and for such other and further relief as this Court deems just and appropriate.

### COUNT II: SUIT ON SECOND NOTE

21. This is an action for damages against the Obligor resulting from its default pursuant to the terms of the Second Note.

22. The Holders reallege and reincorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

23. The Obligor failed to pay the amounts due pursuant to the terms of the Second Note at maturity.

24. The entire amount of the Second Obligation remains due and owing by the Obligor to the Holders.

WHEREFORE, the Holders respectfully request a judgment for damages against the Obligor, for the full amount of the Second Obligation, plus interest, court costs, reasonable attorneys' fees and costs, recoverable pursuant to the Loan Documents, and for such other and further relief as this Court deems just and appropriate.

### COUNT III: SUIT ON THIRD NOTE

25. This is an action for damages against the Obligor resulting from its default pursuant to the terms of the Third Note.

26. The Holders reallege and reincorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

27. The Obligor failed to pay the amounts due pursuant to the terms of the Third Note at maturity.

28. The entire amount of the Third Obligation remains due and owing by the Obligor to the Holders.

WHEREFORE, the Holders respectfully request a judgment for damages against the Obligor, for the full amount of the Third Obligation, plus interest, court costs, reasonable attorneys' fees and costs, recoverable pursuant to the Loan Documents, and for such other and further relief as this Court deems just and appropriate.

### COUNT IV: SUIT ON FOURTH NOTE

29. This is an action for damages against the Obligor resulting from its default pursuant to the terms of the Fourth Note.

30. The Holders reallege and reincorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

31. The Obligor failed to pay the amounts due pursuant to the terms of the Fourth Note at maturity.

32. The entire amount of the Fourth Obligation remains due and owing by the Obligor to the Holders.

WHEREFORE, the Holders respectfully request a judgment for damages against the Obligor, for the full amount of the Fourth Obligation, plus interest, court costs, reasonable attorneys' fees and costs, recoverable pursuant to the Loan Documents, and for such other and further relief as this Court deems just and appropriate.

## **COUNT V: SUIT ON FIFTH NOTE**

33. This is an action for damages against the Obligor resulting from its default pursuant to the terms of the Fifth Note.

34. The Holders reallege and reincorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

35. The Obligor failed to pay the amounts due pursuant to the terms of the Fifth Note at maturity.

36. The entire amount of the Fifth Obligation remains due and owing by the Obligor to the Holders.

WHEREFORE, the Holders respectfully request a judgment for damages against the Obligor, for the full amount of the Fifth Obligation, plus interest, court costs, reasonable attorneys' fees and costs, recoverable pursuant to the Loan Documents, and for such other and further relief as this Court deems just and appropriate.

## COUNT VI: FORECLOSURE OF SECURITY INTEREST

37. This is an action to foreclose the Holders' security interest and lien in the Collateral to satisfy the Obligations.

38. The Holders reallege and incorporate paragraphs 1 through 16 of this Complaint as though fully set forth herein.

39. The Obligations are secured by the Collateral which should be foreclosed to satisfy the Obligations.

40. The Obligations are in a state of default and maturity, such that they remain due and owing by the Obligor.

WHEREFORE, the Holders request a judgment against the Obligor, foreclosing its security interest and lien upon the Collateral pursuant to the Loan Documents, and if the proceeds are insufficient to fully satisfy the Obligations, a deficiency judgment against the Obligor.

## COUNT VII: REPLEVIN OF COLLATERAL

41. This is an action against the Obligor to recover possession of the Collateral, to which the Holders are authorized pursuant to the Loan Documents and Florida Statutes § 679 to liquidate in order to satisfy the full amounts of the Obligations.

42. The Holders reallege and incorporate by reference paragraphs 1 through 16 of this Complaint as though fully set forth herein.

43. Pursuant to the Loan Documents, the Holders are entitled to possession of the Collateral in light of the Obligor's failure to pay the amounts due and owing thereunder.

44. Initial process filed herewith reflects or will reflect that a writ of replevin is sought based upon the Holders' submission of this Complaint intended to satisfy the terms of Florida Statutes § 76.068 and other applicable law.

45. This cause is properly brought before this Court pursuant to Florida Statutes § 78.032, and other applicable law.

46. Pursuant to Florida Statutes § 78.055, the statutory predicates for issuance of a writ of replevin are as follows:

    (a) The Collateral is that described in the Loan Documents;

    (b) the Loan Documents are enforceable pursuant to Florida Statutes chapter 679, and provide the basis for the Holders' possessory rights, based upon the default status of the Obligations;

    (c) upon information and belief, the Collateral is valued at less than the total of the Obligations, and the Holders are prepared to post a bond in the appropriate amount as security for the payment of hypothetical damages that the Obligor may sustain under circumstances described in Florida Statutes § 78.068(3), as a condition precedent to the granting of pre-judgment relief as sought herein;

    (d) the Collateral is located at 2901 W. Busch Boulevard, Suite 701, Tampa, Florida 33618, unless transferred without the authority of the Holders in violation of applicable law;

    (e) the Collateral is wrongfully detained by the Obligor, who has continued to retain possession of the Collateral following events of default described above;

    (f) the Collateral has not been taken for any tax, assessment, or fine pursuant to law; and

    (g)  the Collateral has not been taken under any execution or attachment against the Obligor and/or the Obligor's property.

  47. Upon information and belief, the Collateral is not subject to any senior claims or interests of any other third party and any such interest would be junior and inferior to the claims and liens of the Holders, and should therefore be foreclosed. The Obligor holds title to the Collateral, and may claim some residual interest in these regards. Any right, title, or interest of the Obligor under any theory or factual basis is junior and inferior to that of the Holders.

  48. In addition to the relief requested herein pertaining to replevin, the Holders request the order of this Court authorizing and directing the U.S. Marshal to conduct a judicial sale of the Collateral to satisfy the Obligations, and any other debt that the Collateral secures, in a manner consistent with <u>Florida Statutes</u> § 679 and other applicable law, and to award a deficiency or deficiencies as the circumstances and equities dictate.

  WHEREFORE, the Holders request (a) the entry of an order authorizing the Clerk of this Court to issue a writ of replevin, instructing the U.S. Marshal to replevy the Collateral and deliver it to the Holders forthwith, (b) the entry of a final judgment of replevin on the Collateral in favor of the Holders and against the Obligor, (c) the entry of a judgment authorizing the U.S. Marshal to conduct a judicial sale of the Collateral, to satisfy the balance of the Obligations, and (d) the entry of a deficiency judgment, in favor of the Holders and against the Obligor in the event that the Holders' liquidation of the Collateral produces funds insufficient to fully satisfy the total amount of the Obligations.

Dated this 20th day of April, 2022.

/s/ Stephenie Biernacki Anthony
**STEPHENIE BIERNACKI ANTHONY, ESQ.**
Florida Bar No. 0127299
santhony@anthonyandpartners.com
Anthony & Partners, LLC
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813-273-5616
Telecopier: 813-221-4113

Attorneys for the Holders

**VERIFICATION**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

We, Satish Venkataperumal and Priya Satish, hereby declare under penalty of perjury under the laws of the United States that the information contained in the Verified Complaint is true and correct, provided that this declaration does not extend to paragraphs that contain analysis of Florida law governing the merits of the Verified Complaint about which we are unqualified to opine because we are not members of The Florida Bar.

_____
**SATISH VENKATAPERUMAL**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

The foregoing instrument was acknowledged before me, this 8 day of April, 2022, by Satish Venkataperumal. He is personally known to me or has provided Drivers License as identification.

_____
Notary Public
My Commission Expires: 08/19/2022

TRACEY DELARYE
MY COMMISSION # GG 250298
EXPIRES: August 19, 2022
Bonded Thru Notary Public Underwriters

13

*Original signature to be filed upon receipt*
**PRIYA SATISH**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

  The foregoing instrument was acknowledged before me, this \_\_\_\_ day of April, 2022, by PRIYA SATISH.  She is personally known to me or has provided _____ as identification.

                        Notary Public
                        My Commission Expires: